# CRIMINAL COMPLAINT

# 13-016

**United States District Court**

**DISTRICT:** Eastern District of Pennsylvania

**UNITED STATES OF AMERICA**
**v.**
**MICHAEL JAMES PRIVETT**

**DOCKET NO.**

**MAGISTRATE'S CASE NO.** 13-147

Complaint for violation of Title 18 United States Code § 894

| NAME OF JUDGE OR MAGISTRATE | OFFICIAL TITLE | LOCATION |
|---|---|---|
| Honorable DAVID STRAWBRIDGE | U.S. Magistrate Judge | Philadelphia, PA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (if known) |
|---|---|---|
| January 31, 2013 | Philadelphia, PA | 6600 Gary Avenue, 1st Floor, Baltimore, MD 21224 |

**COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:**

On January 31, 2013, on the cellphone of an individual cooperating with an FBI investigation in the Eastern District of Pennsylvania, the defendant left a voicemail message that attempted to collect an extension of credit by extortionate means, in violation of Title 18, United States Code, Section 894(a)(1).

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:**

SEE AFFIDAVIT ATTACHED HERETO.

**MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:**

Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

**SIGNATURE OF COMPLAINANT (official title)**
Kathleen O'Hanlon, FBI

**OFFICIAL TITLE**
Special Agent, FBI

Sworn to before me and subscribed in my presence,

**SIGNATURE OF MAGISTRATE**
DAVID STRAWBRIDGE
Honorable L. FELIPE RESTREPO, United States Magistrate Judge

**DATE:** 2-1-13

1) See Federal Rules of Criminal Procedure rules 3 and 54.

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Kathleen A. O'Hanlon, having been duly sworn, deposes and states as follows:

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI"), United States Department of Justice. I have been employed as a Special Agent of the FBI since 1994. For approximately the past 7 ½ years, I have been assigned to the FBI Philadelphia's Organized Crime/Labor Racketeering Squad, which conducts investigations into violations of federal law being committed by criminal organizations and members of Labor Unions operating in the Philadelphia area.

2. I am currently investigating threats made by MICHAEL JAMES PRIVETT which includes violations of 18 U.S.C. § 894, collection of extensions of credit by extortionate means.

3. The factual allegations set forth are based on my personal observations and knowledge, information shared with me by other investigators who are participating in this investigation, information obtained through subpoenaed records and interviews, a review of public records, and physical surveillance. The factual allegations described below include the information necessary to establish probable cause to arrest MICHAEL JAMES PRIVETT; accordingly, the factual allegations do not include all facts known to me as a result of this investigation.

4. A confidential human source ("CHS") reported to the FBI that on Thursday, January 17, 2013, the CHS met and spoke with RONALD L. SELLS ("SELLS") in Churchville, Maryland. The CHS reported that he and SELLS know each other through the Outlaws Motorcycle Club (OMC). SELLS is the Philadelphia Chapter President of the OMC. According the CHS and law enforcement sources, SELLS is known by the nickname "Bug." The CHS is a probationary member of the OMC. MICHAEL JAMES PRIVETT ("PRIVETT") is a "patched"

January 31, 2013.

11. On January 31, 2013, at approximately 10:20 am, the CHS called SELLS and reported he was in a parking lot on the 3300 block of Aramingo Avenue, Philadelphia, PA. The CHS told SELLS to meet him there, and SELLS asked the CHS for directions to that lot. SELLS arrived in the lot at approximately 10:30 am. SELLS arrived alone in a black pick-up truck with Maryland license plates. The CHS and SELLS spoke - outside their vehicles - about the events of the preceding days. During their conversation, SELLS said that he had to lay out $12,000 to purchase the drugs from an unnamed person, and SELLS later gave those drugs to the CHS to sell. SELLS was arrested by the FBI in that parking lot before 11 am. While SELLS was in FBI custody, he was not allowed to make or to accept any telephone calls. SELLS did not have a cell phone on his person when he was arrested.

12. On January 31", the FBI seized SELLS's pick-up truck immediately after his arrest. The FBI drove the pick-up truck to FBI headquarters. Inside that pick-up truck, an FBI agent saw a cellphone that rang twice (before going to voicemail) between 11:20 am and 12:20 pm. When the phone rang, it displayed the incoming call number of 410-726-5831. The 410-area code is used in the area of Baltimore, Maryland.

13. On February 1, 2013, the FBI reviewed the incoming calls and voice messages left on the CHS'S cellphone. Three calls are noteworthy for purposes of this affidavit.

14. First, at 1:22 pm, phone number 443-397-8328 called the CHS's cell number and left the following message:

> "Hello ... hello ... hello. Now I don't got time for games, man. You want your bikes back, you need to come up with my money. Can't get ahold of Bugs. Guess I have to start taking people apart, that's all. See you around."

4

The CHS identified PRIVETT'S voice, and said that PRIVETT was the person who left this voice message. I know that the 443- area code is used in the area of Baltimore, Maryland. I know that PRIVETT has an address of 6600 Gary Avenue, 1st Floor, Baltimore, Maryland. I believe that when PRIVETT refers to "Bugs," he is talking about SELLS because "Bug" is SELLS'S nickname. I believe that PRIVETT "can't get ahold of Bugs" at that time because Bug (i.e., SELLS) was in FBI custody. I believe that PRIVETT'S reference to "come up with my money" means that PRIVETT believes the CHS owes him money from the aforementioned drug deal.

15.  Second, at 3:50 pm, phone number 410-726-5831 called the CHS's cell number and left the following message:

> "You can believe one thing. You can fuck with me all you want to but motherfucker, trust me, your whole family is in danger. Fuck you."

The CHS said that PRIVETT did not leave this message. The CHS believes the voice was an associate of SELLS and PRIVETT whom the CHS believes lives in Maryland. The CHS does not know that person's name, but has met that person in the past and heard that person's voice. I know that 410-726-5831 called SELLS'S phone number twice from 11:20 am until 12:20 pm on January 31, 2013.

16.  Third, at 8:04 pm, phone number 443-397-8328 called the CHS's cell number and left the following message:

> "23 [Street Name], 4 [Street Name]. I'll have the address for your son's house in Florida this week. I got the tag numbers, I got your bike, I got your trailer. I want my money. Your whole family is going to be in danger if not. You need to pick up the fucking phone. You're supposed to meet Bugs today, now he's not answering the phone either. As far as I'm concerned, both you all in the same boat."

The CHS identified PRIVETT'S voice, and said that PRIVETT was the person

5

who left this voice message. When PRIVETT listed "23 [Street Name]," he gave a specific address. The address belongs to the CHS'S ex-wife and daughter. When PRIVETT listed "4 [Street Name]," he gave a specific address. The address belongs to the CHS. When PRIVETT referenced "your son's house in Florida," he accurately noted that the CHS has a son. When PRIVETT said "Your whole family is going to be in danger if" the CHS did not provide the money to PRIVETT, I believe he was referring to the money from the drug deal that was referenced in the first phone call. When PRIVETT said he had the CHS'S "bike" and "trailer," I believe he was describing the bike and trailer the CHS left at 2103 East Somerset Street on January 17, 2013. Investigation has confirmed that those items are no longer visible at that address. When PRIVETT references "Bugs," he again meant SELLS. Further, when PRIVETT noted that the CHS was "supposed to meet" SELLS today, he was describing the aforementinoed meeting in the parking lot on the 3300 Aramingo Avenue. Finally, when PRIVETT noted that SELLS was "not answering the phone either," he was accurate because SELLS was in custody.

17.  Based on all the facts set forth in this affidavit, and based on my experience as an agent, I have probable cause to believe MICHAEL JAMES PRIVETT violated 18 U.S.C. § 894 by using extortionate means to attempt to collect an extension of credit.

Kathleen O'Hanlon
Special Agent, FBI

SWORN TO AND SUBSCRIBED
TO ME THIS 1st DAY OF February 2013.

DAVID STRAWBRIDGE USMJ

HONORABLE L. FELIPE RESTREPO
U.S. Magistrate Court Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :

v.                               :    MAGISTRATE NO.
                                           13-147
                                 :

CERTAIN PERSONS:

## MOTION TO IMPOUND COMPLAINT AND WARRANT

The United States of America, by and through its attorneys, Zane David Memeger, United States Attorney in and for the Eastern District of Pennsylvania, and, Assistant United States Attorney for that District, moves that the complaint, warrant and affidavit, and corresponding docket entries in the within criminal proceeding be impounded, and, in support thereof, alleges that if the existence and content of these documents are made public prior to the arrest of the defendant there is the risk that the safety of victim/witnesses may be jeopardized, that the ongoing investigation may be compromised, and that the defendant will flee, thereby hindering the execution of the arrest warrant.

WHEREFORE, the government respectfully requests that this Court enter an order directing that the complaint, warrant and affidavit, and corresponding docket entries, in the

above-mentioned case be IMPOUNDED and be retained in the custody of the Clerk of Court until further order of the Court or until notified by the United States Attorney, or his representative, that the defendant has been arrested, except for the two certified copies of the warrant to be provided to the United States Marshal's Service and the FBI. The government further requests that the Clerk of Court be directed to make no public docket entry of the sealed documents and motion and order to seal, and to provide copies of all sealed documents only to Jason Bologna, Assistant United States Attorney, until further order of the Court or until notified by the United States Attorney, or his representative, that the defendant has been arrested.

Respectfully submitted,

ZANE D. MEMEGER
United States Attorney

JASON P. BOLOGNA
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :

v.                               :         MAGISTRATE NO.

CERTAIN PERSONS                  :         13-147

### ORDER

AND NOW, this 1 day of Feb, 2013 upon application of the United States Attorney that the complaint, warrant and affidavit, and corresponding docket entries in the within criminal proceeding be impounded, said motion is hereby GRANTED and it is

ORDERED

that the complaint, warrant and affidavit, and corresponding docket entries, in the above-mentioned case are hereby IMPOUNDED and to be retained in the custody of the Clerk of Court until further order of the Court or until notified by the United States Attorney, or his representative, that the defendant has been arrested, except that the Clerk of Court is authorized to provide two certified copies of the warrant to the United States Marshals Service and the . The Clerk of Court is directed to make no public docket entry of the sealed documents and motion and order to seal, and to provide copies of all sealed documents only to Jason Bologna, Assistant United States Attorney.

IT IS FURTHER ORDERED THAT the complaint, warrant and affidavit, and corresponding docket entries, shall be unimpounded immediately upon notification by the United States Attorney, or his representative, that the defendant has been arrested or upon further order of the Court.

BY THE COURT:

_____
Hon. ~~L. FELIPE RESTREPO~~
United States Magistrate Judge
*DAVID STRAWBRIDGE*

142 (Rev 12/85) Warrant for Arrest

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
v.

WARRANT FOR ARREST

MICHAEL JAMES PRIVETT

CASE NUMBER: 13-147-M

To:  The United States Marshal and any Authorized
     United States Officer

YOU ARE HEREBY COMMANDED to arrest   MICHAEL PRIVETT

and bring him or her forthwith to the nearest magistrate judge to answer a(n)
Complaint
charging him or her with (brief description of offense)

On January 31, 2013, on the cellphone of an individual cooperating with an FBI investigation in the Eastern District of Pennsylvania, the defendant left a voicemail message that attempted to collect an extension of credit by extortionate means, in violation of Title 18, United States Code, Section 894(a)(1).

In violation of Title 21 United States Code, Section(s) 894(a)(1).

DAVID STRAWBRIDGE

Honorable L. FELIPE RESTREPO                    United States Magistrate Judge
Name of Issuing Officer                          Title of Issuing Officer

DICK S[...] USMJ                                FEB 1, 2013                    Philadelphia,
Signature of Issuing Officer                     Date and Location

Bail fixed at $ _____ by _____
                                                        Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
|  | Kathleen O'Hanlon |  |
| DATE OF ARREST | FBI, Special Agent |  |

J Bologna Authorizing